

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL W. WASHINGTON | § | 4-09 CV-374-Y |
| VS. | § | CIVIL ACTION NO. 1:09cv421 |
| BRYAN COLLIER | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Michael W. Washington, an inmate confined at the North Texas Intermediate Sanction Facility in Fort Worth, Texas, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Bryan Collier.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff alleges he was denied due process regarding the revocation of his parole. Additionally, plaintiff asserts that his confinement has exceeded the terms of the contractual agreement.

### Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision.

Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff is confined in Fort Worth, Tarrant County, Texas. Plaintiff fails to state where the defendant works or resides. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is presumed to be plaintiff's place of confinement. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Thus, plaintiff has failed to establish jurisdiction exists in this court.

Pursuant to 28 U.S.C. § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas. As Tarrant County is located in the Northern District of Texas, venue in the Eastern District of Texas is not proper for plaintiff's claims.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

1406(a). Plaintiff's claims should be transferred to the United States District Court for the Northern District of Texas, Fort Worth division. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this __23__ day of _____June_____, 2009.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE